**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD PATRICK MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2711 SPM |
| | ) | |
| ST. LOUIS CITY POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Reginald Patrick McCray, an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against defendant's unlawful seizure and purported failure to read him his *Miranda* rights prior to his arrest and detention at the St. Louis City Justice Center.

Plaintiff states that on January 9, 2017[1], he was detained by an unnamed Jennings Police Officer around 9:30 a.m. after he was found sleeping in a friend's vehicle. Plaintiff states that he

---

[1]In *State v. McCray*, No. 1722-CR00152-01 (22nd Judicial Circuit, St. Louis City Court), the Grand

was told by the officer that he "wasn't under arrest" but that "St. Louis Police Detectives" wanted to talk to him. Plaintiff claims that the Jennings Police Officer took him to the Jennings station and he waited on St. Louis City Police Officers David King and Joseph Steiger to arrive and taken him to another station.

Plaintiff claims that Officer King arrived with an unnamed assisting officer around 1:00 p.m. He claims he was taken to Jefferson Avenue Patrol Station to an interview room, but that Officer Steiger and Officer King failed to read him his *Miranda* rights, because they told him they "just wanted to talk." Plaintiff asserts that after the officers asked him a few questions he found out he was a suspect for a robbery and when the officers did not believe his alibi, he asked for a lawyer. Purportedly, Officer King got upset at plaintiff and slammed his fist on the table and acted as though he would "rough plaintiff up" by using tough verbal threats of how long plaintiff might go to jail.

Plaintiff claims that after the two officers angrily left the room, they came back about twenty minutes later with a camera, took pictures of plaintiff and took him to a cell. Plaintiff was told he would be placed on a 24-hour hold and taken to the St. Louis City Justice Center. The next day, plaintiff was told over the loud speaker at the Justice Center that he was charged with 1st Degree Robbery and would see the Judge on the following day and be given bond.

Plaintiff claims that the unnamed Jennings Police Officer did not have probable cause to detain him on behalf of the two St. Louis City Police Officers. He also claims that St. Louis City Police Officers Steiger and King unlawfully detained him at the police station and failed to read

---

Jury Indictment states that a robbery occurred at an Imo's Pizza on January 2, 2017. Plaintiff states that the date of his arrest was January 9, 2017. Plaintiff was then charged by criminal complaint for robbery in the 1st degree on January 11, 2017.

him his *Miranda* rights prior to arresting him and detaining him at the St. Louis City Justice Center.

Thus, plaintiff asserts that there was a lack of probable cause to arrest him and he is being held in violation of the Fourth Amendment.[2]

A review of the state criminal action on Missouri.Case.Net shows that a probable cause statement was filed in support of a criminal complaint on January 11, 2017, the date that plaintiff states he was formally arrested for 1st degree robbery. The probable cause statement was signed by Officer David King, and in the statement, Officer King attests:

> I am a detective with the St. Louis Police Department. I have been a police officer for nearly twenty-six years. I am one of the officers assigned to the investigation of the robbery of the Imo's pizza restaurant at 1828 Washington Avenue in St. Louis, MO, on January 2, 2017. I have spoken to the clerk who was robbed. She says the robber displayed a black handgun and demanded money. She bagged up money and gave it to him and he left.
>
> The robbery was captured on video surveillance. I have watched the video. It is good quality. The robber was not wearing a mask, and his face is clearly visible. We made a still photo from the video and put it out on the media. Afterward we received an anonymous Crimestoppers tip identifying the robber as this defendant.
>
> I obtained a photograph of the defendant from Tennessee driving records. We showed a photo of the lineup to the Imo's clerk who was robbed and she picked the photo of this defendant from the photo lineup.
>
> This defendant was found sleeping in a stolen car by St. Louis County officers on January 10, 2017. At that time, he had in his possession a black air pistol, that looks remarkably like a real gun.
>
> After this defendant was arrested, we took a photograph of him and put it in another lineup. Once again, she identified him from the photo lineup. I also

---

[2] Plaintiff also claims that at the time defendant Yoder came to arrest him, Yoder falsely told him that there was a warrant for his arrest in Illinois. Plaintiff asserts that once plaintiff was ensconced at the police station, Yoder admitted that there was no warrant.

showed her the air gun, and she said it looks just like the handgun he displayed to her.

I believe this defendant is a flight risk because he claims he has a job in Tennessee and said he is getting ready to go back to Tennessee. He has prior arrests in Illinois for resisting arrest and theft, and a prior Missouri arrest for distribution of a controlled substance.

On January 11, 2017, based on the probable cause statement, plaintiff was charged with robbery in the 1st degree. *See State v. McCray*, No. 1722-CR00152 (22nd Judicial Circuit, St. Louis City Court). Plaintiff pled guilty to robbery in the 1st degree on May 14, 2018. *State v. McCray*, No. 1722-CR00152-01 (22nd Judicial Circuit, St. Louis City Court). His sentencing hearing is currently set for July 20, 2018.

Despite having pled guilty in his criminal action,[3] plaintiff brings this § 1983 action, alleging defendants the St. Louis City Police Department,[4] Officer David King and Officer Joseph Steiger violated his Fourth Amendment right to be free of an unreasonable seizure without probable cause. Plaintiff also asserts that he was unlawfully detained by defendants and that they failed to give him his *Miranda* warning prior to his arrest.[5]

---

[3]The Court notes that a guilty plea forecloses a § 1983 claim asserting that a litigant was arrested without probable cause. *See Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996) (*published per curiam*), *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990).
[4]Police departments are not suable entities because they are subdivision of city government. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).
[5]The reading of *Miranda* warnings is a procedural safeguard rather than a right arising from the Fifth Amendment itself. *See Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a § 1983 action. *See Chavez v. Martinez, 538 U.S. 760, 772 (2003); Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968); *Warren v. City of Lincoln*, 864 F.2d 1436 (8th Cir. 1989). And plaintiff does not state that defendants attempted to interview him after he invoked his right to counsel, thus, he has not stated a violation of his Sixth Amendment rights.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff does not specifically assert a claim for false arrest, but asserts § 1983 claims for illegal seizure and unlawful detention/imprisonment. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings, including post-conviction proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging

unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter, as well as plaintiff's post-conviction proceedings, would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[6]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. McCray,* No.

---

[6]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.   28 U.S.C. § 1915(b)(2).

1722-CR00152-01 (22nd Judicial Circuit, St. Louis City Court), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. McCray,* No. 1722-CR00152-01 (22nd Judicial Circuit, St. Louis City Court), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

Dated this 22nd_ day of May, 2018.

Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE